## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

KENNETH TYRONE LYNCH, JR.,

      Plaintiff,

v.                                                    Case No. 3:24-cv-392-MMH-PDB

ANHEUSER-BUSCH COMPANIES,
LLC, et al.,

      Defendants.

_____

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff,

Kenneth Lynch, Jr., initiated this action on April 22, 2024, by filing a Complaint

for Employment Discrimination against Anheuser-Busch (Doc. 1). Lynch

opened a new case by filing a second complaint based on similar facts against

Teamsters Local 947, Donny Connell, and William Payne on September 27,

2024. See Complaint for Employment Discrimination (Case No. 3:24-cv-1003

Doc. 1). In due course, the Magistrate Judge directed the Clerk of the Court to

consolidate the two cases and also directed Lynch to file a consolidated amended

complaint. See Order (Doc. 39; Consolidation Order), entered on November 4,

2024. Lynch did so on November 12, 2024. See Consolidated Amended

Complaint for Employment Discrimination (Doc. 40; Consolidated Amended

Complaint). Two days later, without leave of court, he filed another consolidated amended complaint. <u>See</u> Second Consolidated Amended Complaint for Employment Discrimination (Doc. 42; Second Consolidated Amended Complaint). On January 7, 2025, the Court <u>sua sponte</u> struck the Second Consolidated Amended Complaint and directed Lynch to file a third consolidated amended complaint that complies with the Federal Rules of Civil Procedure (Rule(s)) and this Court's orders. <u>See</u> Order (Doc. 48; Order Striking the Second Consolidated Amended Complaint). Pursuant to that order, on January 21, 2025, Lynch filed a third consolidated amended complaint, <u>see</u> Consolidated Third (3rd) Amended Complaint (Doc. 53; Third Consolidated Amended Complaint), which is currently the operative pleading in this action, <u>see</u> Order (Doc. 54), entered on February 3, 2025.

Upon review, the Court finds that the Third Consolidated Amended Complaint is due to be stricken as it still constitutes an impermissible "shotgun pleading" and does not comply with the Rules or the Order Striking the Second Consolidated Amended Complaint.[1] In the analysis that follows, the Court will

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

discuss some of the problems with the Third Consolidated Amended Complaint and provide Lynch with **one final opportunity** to file a complaint consistent with the Rules. Lynch should carefully review this Order and the Order Striking the Second Consolidated Amended Complaint and consider utilizing the resources available for pro se litigants, cited below, before filing another amended complaint. Failure to comply with the pleading requirements set forth in the Court's orders **will result in the dismissal of this action without further notice**.

In the Order Striking the Second Consolidated Amended Complaint, the Court set forth the pleading requirements in detail. See Order Striking the Second Consolidated Amended Complaint at 3–9. Rather than risk redundancy and confusion by repeating those requirements here, the Court directs Lynch to carefully review the pleading requirements discussed in the Order Striking the Second Consolidated Amended Complaint. While Lynch has corrected some of the pleading defects outlined in that order, namely by clarifying which Defendants he intends to bring claims against, he has not followed the Court's instruction to separate each claim for relief into a separate count. As before, "Lynch appears to assert claims for hostile work environment, discrimination, and retaliation, without separating any of his claims into identifiable counts." See Order Striking the Second Consolidated Amended Complaint at 6.

Additionally, Lynch has introduced a new pleading error. Rule 10(b) directs that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." But while Lynch does include some numbered paragraphs, <u>see</u> Third Consolidated Amended Complaint at 7–9, he also includes pages of additional allegations that are not numbered. <u>See</u> <u>id.</u> at 10–19.

In sum, to correct the deficiencies in his Third Consolidated Amended Complaint, **<u>Lynch must</u>**:

1. State each factual allegation describing a single set of circumstances in a separately numbered paragraph.

2. State each claim for relief (e.g., discrimination, harassment, hostile work environment, etc.) in a separately identified count that clearly identifies which Defendant he seeks to hold liable for that claim for relief and which factual allegations support it.

Lynch is reminded that:

> when repleading with separate counts, Lynch should also take care to avoid drafting a complaint in which he adopts or incorporates the allegations of preceding counts, as this also constitutes a form of impermissible shotgun pleading. <u>See</u> <u>Weiland[ v. Palm Beach Cnty. Sheriff's Off.</u>], 792 F.3d 1313[,] 1321 [(11th Cir. 2015)] ("The most common type [of shotgun complaint] … is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").

Order Striking Second Consolidated Amended Complaint at 8. In his fourth consolidated amended complaint, Lynch must avoid the shotgun pleading deficiencies discussed above. The Court reiterates that failure to comply with the Rules and this Court's orders **will result in dismissal of this action without further notice**.

Prior to filing his fourth amended complaint, the Court again encourages Lynch to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Lynch may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

---

[2]    In preparing the fourth amended complaint and any future filings, the Court recommends that Lynch visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Lynch does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

Accordingly, it is

**ORDERED:**

1. Kenneth Tyrone Lynch, Jr.'s, Third Consolidated Amended Complaint (Doc. 53) is **STRICKEN**.

2. Lynch shall file his Fourth Consolidated Amended Complaint on or before **March 24, 2025**.

3. Defendant Anheuser-Busch Companies, LLC's Motion to Dismiss Plaintiff's Third Consolidated Amended Complaint with Prejudice (Doc. 59) is **DENIED WITHOUT PREJUDICE** as moot.

**DONE AND ORDERED** in Jacksonville, Florida, on February 24, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:

Counsel of record
Pro Se parties

- 6 -