## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

KENNETH TYRONE LYNCH, JR.,

        Plaintiff,

vs.                               Case No.  3:24-cv-392-MMH-PDB

ANHEUSER-BUSCH COMPANIES,
LLC, and TEAMSTERS LOCAL
947,

        Defendants.

_____/

### O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On April 22, 2024, Plaintiff,

proceeding <u>pro</u> <u>se</u>, initiated this action by filing a Complaint for Employment

Discrimination (Doc. 1) against Anheuser-Busch. Plaintiff then opened a new

case by filing a second complaint based on similar facts against Teamsters Local

947, Donny Connell, and William Payne on September 27, 2024. <u>See</u> Complaint

for Employment Discrimination (Case No. 3:24-cv-1003, Doc. 1). In due course,

the Magistrate Judge directed the Clerk of the Court to consolidate the two

cases and directed Plaintiff to file a consolidated amended complaint. <u>See</u> Order

(Doc. 39), entered on November 4, 2024. Plaintiff did so on November 12, 2024.

<u>See</u> Consolidated Amended Complaint for Employment Discrimination (Doc.

40). Two days later, without leave of court, Plaintiff filed another consolidated

amended complaint. <u>See</u> Second Consolidated Amended Complaint for Employment Discrimination (Doc. 42; Second Amended Complaint).

On January 7, 2025, the Court struck the Second Amended Complaint for failing to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Rule(s)). <u>See</u> Order (Doc. 48; First Shotgun Order). In doing so, the Court explained some of the rules of pleading that apply in federal court, and highlighted problems with the Second Amended Complaint as drafted. <u>See</u> <u>id.</u> at 3–8. For example, the Court observed that Plaintiff appeared to "assert claims for hostile work environment, discrimination, and retaliation, without separating any of his claims into identifiable counts." <u>See</u> <u>id.</u> at 6. The Court also observed that it was not clear who each claim was asserted against. <u>See</u> <u>id.</u> at 7–8. As a result, the Court directed Plaintiff to file a third consolidated amended complaint in compliance with the Rules and this Court's orders. <u>See</u> <u>id.</u> at 9–10.

Plaintiff filed his Consolidated Third (3rd) Amended Complaint (Doc. 53; Third Amended Complaint) on January 21, 2025. Finding that it still failed to comply with the Rules and the First Shotgun Order, the Court struck the Third Amended Complaint on February 24, 2025. <u>See</u> Order (Doc. 60; Second Shotgun Order) at 2. The Court noted that Plaintiff failed to separate his claims into identifiable counts and did not number several of the paragraphs in the Third Amended Complaint. <u>See</u> <u>id.</u> at 9–10. As such, the Court provided Plaintiff with

"**one final opportunity**" to file a complaint in compliance with the Rules and this Court's orders. See id. at 3, 6. In doing so, the Court directed Plaintiff to:

1. State each factual allegation describing a single set of circumstances in a separately numbered paragraph.
2. State each claim for relief (e.g., discrimination, harassment, hostile work environment, etc.) in a separately identified count that clearly identifies which Defendant he seeks to hold liable for that claim for relief and which factual allegations support it.

See id. at 4. The Court also warned Plaintiff to "avoid drafting a complaint in which he adopts or incorporates the allegations of preceding counts." See id. (quoting First Shotgun Order at 8). And the Court cautioned Plaintiff that "failure to comply with the Rules and this Court's orders **will result in dismissal of this action without further notice**." See id. at 5.

On March 24, 2025, Plaintiff filed his Consolidated Fourth (4th) Amended Complaint (Doc 63; Operative Complaint), which is currently the operative pleading in this action. Upon review, the Operative Complaint still fails to comply with the Rules and this Court's orders. Indeed, the Operative Complaint is rife with pleading errors and, as a result, is due to be dismissed.

At the outset, the Operative Complaint fails to use "numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Rule 10(b). Indeed, Plaintiff's Operative Complaint includes a lengthy section entitled "Statement of Claim." See Operative Complaint at 7–8. Despite the Rules and the Court's directives, Plaintiff fails to number any of this

section's paragraphs, and he does not limit those paragraphs to a single set of circumstances. See id. Confusingly, Plaintiff also lists specific counts after each paragraph. See id. It is unclear whether Plaintiff intends to incorporate these paragraphs into each listed count, and it is impossible to discern which factual allegation within each paragraph pertains to each listed count. As a result, Plaintiff's "Statement of Claim" section fails to comply with the Court's prior orders and the Rules.

Moreover, Plaintiff still fails to state each claim for relief in a separately identified count and fails to identify the law under which he brings any claim. Although Plaintiff identifies Title VII of the Civil Rights Act of 1964 as well as the Florida Civil Rights Act as the relevant laws, see id. at 3, nowhere in any of the counts of his Operative Complaint does Plaintiff identify the law upon which the claim relies. See id. at 18–26. If he seeks to bring claims under both statutes, his claim under each must be set forth in a separate count. With the Operative Complaint, Defendants are left guessing as to the legal basis of each claim. In addition, Plaintiff appears to bring multiple claims in Count I. See id. at 18–22. At first glance, in Count I, Plaintiff seems to assert a claim for discrimination based on an adverse employment action. See id. But, in the "Statement of Claim" section of the Operative Complaint and in Plaintiff's Response to Defendants Teamsters Local 947 Motion to Dismiss Plaintiff's Fourth Consolidated Amended Complaint with Prejudice (Doc. 70; Response), filed on

May 23, 2025, Plaintiff appears to be asserting both disparate treatment and hostile work environment claims.[1] <u>See</u> Operative Complaint at 7; Response at 9. These claims require Plaintiff to establish different facts and should have been pleaded in separate counts, as the Court directed in its prior orders. <u>See</u> First Shotgun Order at 7; Second Shotgun Order at 3–4.

Additionally, Plaintiff fails to adequately identify which defendant each claim is brought against. <u>See</u> Operative Complaint at 23–26. In Count I, Plaintiff starts to use headings seemingly to identify each defendant's alleged acts, <u>see</u> <u>id.</u> at 18–22, but Plaintiff abandons this use of headings in the remaining counts. <u>See</u> <u>id.</u> at 23–26. At times, Plaintiff seems to identify the defendant responsible for each alleged act by referencing its name in bold, <u>see, e.g.,</u> <u>id.</u> at 24, but Plaintiff is inconsistent, <u>see, e.g.,</u> <u>id.</u> at 23. Indeed, if this is his intention, in some counts he does not identify a defendant at all. <u>See, e.g.,</u> <u>id.</u> And, even when one or both of the defendants are referenced under a count, it is unclear who the overarching claim is brought against. <u>See</u> <u>id.</u> As such, the Operative Complaint leaves Defendants to guess at which claims are asserted

---

[1] The ambiguity in Plaintiff's pleading and Plaintiff's failure to state his claims in separate counts results in a failure to give Defendants adequate notice of the claims asserted against them. Notably, despite contending that Count I fails to state a claim upon which relief can be granted, neither defendant addresses a potential hostile work environment claim in their respective motions to dismiss. <u>See generally</u> Defendant Anheuser-Busch Companies, LLC's Motion to Dismiss Plaintiff's Fourth Consolidated Amended Complaint with Prejudice (Doc. 65), filed on April 7, 2025; Defendant Teamsters Local 947's Motion to Dismiss Plaintiff's Fourth Consolidated Amended Complaint with Prejudice (Doc. 69), filed on May 12, 2025.

against them.

Finally, the Operative Complaint presents a rather unique pleading error in that it incorporates "the following paragraphs" in each count. See id. at 18–26. As the Court noted in its prior orders, most shotgun pleadings involve counts that incorporate or adopt the allegations of the preceding counts, "causing each successive count to carry all that came before it and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). Here, each of Plaintiff's counts carries all that comes after it, causing the first count to be a combination of the entire complaint. See Operative Complaint at 18–26. Consequently, like most shotgun pleadings, each count contains irrelevant factual allegations and legal conclusions. See id.

The Eleventh Circuit Court of Appeals has a term for complaints which violate Rules 8 and 10 in the ways discussed in this and the prior orders—shotgun pleadings. See Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020).[2] Although pro se pleadings such as Plaintiff's are construed more liberally than those drafted by attorneys, the Eleventh Circuit regardless has "'little tolerance for shotgun pleadings.'" See Arrington v. Green, 757 F.

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

App'x 796, 797 (11th Cir. 2018). Here, the Operative Complaint is an egregious example of a shotgun pleading. It fails to separate each cause of action into a separate count, does not adequately identify which defendant each claim is asserted against, and its counts incorporate the allegations of other counts. Ultimately, as with all types of shotgun pleadings, the Operative Complaint fails "'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" Id. (quoting Weiland, 792 F.3d at 1320).

Significantly, this Court has the "inherent authority to dismiss a complaint on shotgun-pleading grounds." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020). Before doing so, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." See Arrington, 757 F. App'x at 797. Where the pleader fails to remedy the problem after being given a chance to do so, dismissal of a shotgun pleading with prejudice is warranted. See Tran, 817 F. App'x at 915. Here, the Court has provided Plaintiff several chances to remedy the pleading deficiencies in his complaints, but he has failed to do so. On this record, the Court is convinced that Plaintiff is unable or unwilling to comply with the Court's directives and that nothing less than dismissal will suffice. See Sarhan, 800 F. App'x at 772. "Even pro se plaintiffs must comply with pleading rules or face judgment day," Tran, 817 F. App'x at 915, and for Plaintiff, that day has come. Despite the Court's guidance on the

problems with his complaints, and multiple opportunities to fix those deficiencies, the Operative Complaint remains an indecipherable shotgun pleading. Accordingly, it is

**ORDERED:**

1. The claims asserted under Title VII in Counts I–VI of the Operative Complaint are **DISMISSED with prejudice**.

2. The claims asserted under state law in Counts I–VI of the Operative Complaint are **DISMISSED without prejudice** to refiling in the appropriate state court.

3. The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of October 2025.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35
Copies to:
Pro Se Party
Counsel of Record